UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

K & S ASSOCIATES, INC., )
        )
    Plaintiff, )
        )
    v. ) NO. 3:09-1108
        ) Judge Sharp/Bryant
AMERICAN ASSOCIATION OF )
PHYSICISTS IN MEDICINE, )
        )
    Defendant. )

## MEMORANDUM AND ORDER

Pending in this case is plaintiff's renewed motion to compel production of legal opinion memorandum (Docket Entry No. 82). Defendant has filed a response in opposition (Docket Entry No. 86), and plaintiff has filed a reply (Docket Entry No. 91). Plaintiff also has filed a supplemental memorandum in support (Docket Entry No. 126), and defendant has filed a response (Docket Entry No. 129).

For the reasons stated in this memorandum, plaintiff's renewed motion to compel production is DENIED.

### Analysis

Plaintiff's renewed motion to compel seeks production of a legal memorandum dated June 9, 2009, prepared by defendant's counsel, Murray Bevan. Defendant has objected to producing this memorandum on the ground that the memorandum is protected by the attorney-client privilege and the work product doctrine. This same legal memorandum was the subject of plaintiff's earlier motion to compel (Docket Entry No. 36), which was denied by the Court (Docket Entry No. 46).

Relying upon additional evidence obtained in discovery since the Court's earlier ruling, plaintiff renews its motion to compel production of the subject legal opinion memorandum. As grounds, plaintiff argues that (1) the deposition testimony of Dr. George Ding and Dr. Malcolm McEwen together with a May 18, 2009, email from Dr. Jan Seuntjens have sufficiently disclosed the substance of the opinions in the Bevan memo to waive the attorney-client privilege and the work product doctrine; (2) defense counsel's providing a copy of the Bevan memo to Dr. Malcolm McEwen before Dr. McEwen's discovery deposition requires production of the Bevan memo pursuant to Rule 612 of the Federal Rules of Evidence. In its supplemental memorandum (Docket Entry No. 126), plaintiff further argues that the expert witness report of defense expert Dr. John W. Mayo contains references to the Bevan opinion that would make it "fundamentally unfair" to deprive plaintiff K & S of access to it.

Defendant AAPM has responded in opposition to all of these arguments (Docket Entry Nos. 86 and 124).

<u>Waiver by Disclosure</u>. As mentioned above, plaintiff asserts that the deposition testimony of Dr. Ding and Dr. McEwen and the May 18, 2009, email by Dr. Seuntjens have effectively disclosed the substance of attorney Bevans's opinions, and that this disclosure amounts to an effective waiver of the privilege.

The testimony from Dr. Ding's deposition relied upon by plaintiff appears at pages 39-40 of the deposition (Docket Entry No. 52). This testimony is quoted on page 9 of plaintiff's motion to compel (Docket Entry No. 82), as follows:

2

> Q. All right. Then let me ask you, why did you vote against the motion to recommend K&S's reaccreditation?
>
> A. It's based on the – it's before the voting, we had consulted with AAPM lawyer/counsel, and we get special guidance. We asked very strict – very clear questions. Said from this criteria, you read through and does it have a conflict of interest given the K&S in this case?
>
> And we get answer from the lawyer and says it is conflict of interest. And that's why I based it on.
>
> Q. Okay.
>
> A. So by the time we're voting is very simple. We just asked this question and we got the answer.
>
> If they didn't give answer, we do not know what to vote because, technically, the thing is satisfied, the physics part of the calibration.
>
> Q. In other words – I don't want to put words in your mouth – but K&S's calibration technical work was satisfactory?
>
> A. Yes.
>
> Q. All right. Would it be fair to say that AAPM's lawyer made the decision about the motion?
>
> A. No, I don't think so.

Shortly thereafter during the deposition, Dr. Ding was questioned about the substance of the discussion at the July 25, 2009, meeting of AAPM's Calibration Laboratory Accreditation Subcommittee. In response, Dr. Ding testified as follows:

3

> I remember the discussion all focused, says, we just reviewed a conversation and previous with the lawyer and what criteria is and how we – we, basically, read that criteria again, and how the lawyer guided us, what those criteria means. Then we just – goes to your own opinion of what is your vote.

Later in the deposition, Dr. Ding was questioned about the meaning of a statement in the minutes of this July 25, 2009, meeting that read: "Issue: Criteria do not allow company ownership (AAPM legal)." In response to this question, Dr. Ding testified as follows:

> My recollection, we – at the meeting, we discussed what the lawyer interpretation of our criteria and what this criteria means. Then give us that – then let us say this is what criteria means. They give us guidance.

In his discovery deposition, Dr. Malcolm McEwen did not disclose the substance of the legal opinion contained in the Bevan memorandum, but he did testify that after he received the Bevan memorandum he (Dr. McEwen) came to the view that the AAPM's accreditation criteria made it impermissible for a dosimetry equipment manufacturer to own an accredited dosimetry calibration laboratory (Docket Entry No. 74-1 at 58).

In addition, defendant AAPM has produced in discovery a copy of a four-page email string between Gerald White, Chairman of the Board of defendant AAPM, and Dr. Jan Seuntjens, Chairman of defendant AAPM's Calibration Laboratory Accreditation Subcommittee (Docket Entry No. 82-7). In this email exchange, Dr. Seuntjens suggests specific questions that he believes should be asked of

4

AAPM's legal counsel.

In reliance upon the foregoing evidence, some of which has been obtained in discovery since the Court's previous denial of plaintiff's motion to compel production of the Bevan memo, plaintiff K&S argues that defendant AAPM has effectively waived the attorney-client privilege by disclosure of the substance of the legal advice contained in the Bevan memo. In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d 251 (6th Cir. 1996).

In its response in opposition, defendant AAPM argues that the deposition testimony of Dr. Ding amounts to Dr. Ding's own conclusions after reading the Bevan memo rather than the conclusions, legal advice or privileged communications that the client has had with its attorney. Under these circumstances, defendant argues, the attorney-client privilege is not waived. EEOC v. Texas Hydraulics, Inc., 246 F.R.D. 548, 550 (E.D. Tenn. 2007). In the Texas Hydraulics case, the court denied a motion to compel production of a legal memorandum prepared by EEOC attorneys based upon a finding that while the EEOC in pleadings and in discovery had revealed its own ultimate conclusions, it had not revealed "the conclusions, legal advice or privileged communication of the EEOC's attorneys . . . or the legal reasoning upon which the ultimate conclusion was based." 246 F.R.D. at 557. The undersigned Magistrate Judge finds that the deposition testimony of Dr. Ding cited by plaintiff likewise fails to reveal the conclusions, legal advice or privileged communication contained in

5

the Bevan memo or the legal reasoning upon which such communication was based. Therefore, the undersigned Magistrate Judge finds that Dr. Ding's deposition testimony fails to amount to a waiver of the privilege by disclosure.

Moreover, it appears from cited excerpts from the Ding deposition that counsel for AAPM objected to questions that called for disclosure of the substance of the Bevan memo, and that the testimony of Dr. Ding upon which plaintiff relies came in response to questions seeking Dr. Ding's own interpretation (Docket Entry No. 52-1 at 119-21). Accordingly, the undersigned finds that there was no intentional waiver of the privilege by Dr. Ding. See Vicinanzo v. Brunschwig & Fils, Inc., 739 F.Supp.891, 893-94 (S.D. N.Y. 1990).

Finally, the undersigned Magistrate Judge finds that the email exchange between Dr. Seuntjens and Mr. White, although discussing questions that Dr. Seuntjens thought should be addressed to AAPM's lawyers, nevertheless fails to reveal communications actually made by AAPM to Mr. Bevan or Mr. Bevan's response.

For the foregoing reasons, the undersigned Magistrate Judge is unpersuaded that defendant AAPM has waived the attorney-client privilege through disclosure of the substance of the legal advice rendered.

<u>Waiver by Providing Memo to Dr. McEwen before his Deposition</u>. Dr. Malcolm McEwen gave his discovery deposition on July 14, 2011. It appears that defense counsel provided Dr. McEwen

6

with a copy of the Bevan memorandum, together with other documents, within a week before his deposition. In response to a question by plaintiff's counsel about what he had done to prepare for his deposition, Dr. McEwen testified: "I reviewed the documents that were sent by counsel."

Relying upon Rule 612 of the Federal Rules of Evidence, plaintiff argues that this review of documents including the Bevan memorandum prior to Dr. McEwen's deposition requires production of the memorandum. Rule 612 provides that "when a witness uses a writing to refresh memory before testifying," the court may require production of the document if the court decides that justice so requires. Rule 612(a)(2). Plaintiff relies upon the decisions of James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138, 144 (D. Del. 1982) and In re Comair Air Disaster Litigation, 100 F.R.D. 350, 353-54 (E.D. Ky. 1993). In each of these decisions, the court considered the facts of the case and concluded that justice required disclosure of documents provided to a witness to refresh his recollection prior to testifying.

In response, defendant argues that three elements must be satisfied in order for Rule 612 to require disclosure of documents used to prepare a witness prior to a deposition: "(1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interests of justice, the adverse party is entitled to see the writing." Nutramax Laboratories, Inc. v. Twin Laboratories, Inc.,

7

183 F.R.D. 458, 468 (D. Md. 1998). Defendant argues that Rule 612 only applies when there has been a showing that the reviewed documents had some impact on the testimony of the deponent "because only those writings which actually influenced a witness's testimony are of utility in impeachment and cross examination." Nutramax, 183 F.R.D. at 468. While defendant AAPM does not dispute that certain documents were provided to Dr. McEwen before his deposition, defendant asserts that there is no evidence that Dr. McEwen's review of these documents had any impact on his testimony.

Merely showing attorney work product to a witness before a deposition does not amount to a waiver of the work-product privilege. Bogosian v. Gulf Oil Corp., 738 F.2d 587, 593 (3rd Cir. 1984). In general, courts have required some evidence that a witness has actually relied upon documents in giving his testimony or that those documents somehow influenced his testimony as a predicate for a finding that production was required pursuant to Rule 612. See e.g., Sporck v. Peil, 759 F.2d 312, 318 (3rd Cir. 1985); Butler Mfg. Co., Inc. v. Americold Corp., 148 F.R.D. 275, 278 (D. Kan. 1993); Jos. Schlitz Brewing Co. v. Muller & Phillips (Hawaii), Ltd., 85 F.R.D. 118, 119 (W.D. Mo. 1980); Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Resource, Inc., 2004 WL 1237450 (E.D. La. June 2, 2004).

Although it is undisputed that defense counsel provided a copy of the Bevan memo to Dr. McEwen before his deposition, plaintiff has failed to cite any evidence establishing a requisite

8

foundation to suggest that Dr. McEwen relied upon his review of the document during his testimony, or that such review impacted his testimony in any way. In the absence of such foundation, the undersigned finds that Rule 612 of the Federal Rules of Evidence does not require production of the Bevan memo.

<u>The Expert Witness Report of Dr. John W. Mayo</u>. Finally, plaintiff argues that a reference to the Bevan memo contained in the June 8, 2012, expert witness report of Dr. John W. Mayo, a defense expert, "opens the door" to discovery of the Bevan memo (Docket Entry No. 126). The reference upon which plaintiff relies is contained in the final sentence of paragraph 61 in Dr. Mayo's 38-page report (Docket Entry No. 126-1 at 30). This sentence reads as follows: "The far more plausible explanation is that the lawyer and law firm genuinely believed that the integration of PTW and K&S would violate the conflict-of-interest section of the AAPM criteria." Plaintiff argues that "it is fundamentally unfair for Dr. Mayo to speculate about the opinions's contents for purposes of forming his opinions when K&S has had no access to it." (Docket Entry No. 126).

In response, defendant AAPM cites Dr. Mayo's deposition testimony in which he testified that he had never met nor communicated with Mr. Bevan, that he had never reviewed the Bevan memorandum, and that no one had ever communicated to him the substance of the Bevan memorandum. Defendant argues that if plaintiff is offended by the "speculation" in the quoted sentence

9

from Dr. Mayo's report, plaintiff's remedy should be a motion to exclude such speculation from Dr. Mayo's testimony. Beyond that, defendant argues that Dr. Mayo's uninformed and incidental reference to the Bevan memo fails to form a basis for a waiver of the privilege attached to this document. The undersigned Magistrate Judge agrees.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that plaintiff's renewed motion to compel production of the Bevan memorandum (Docket Entry No. 82) should be DENIED.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

10

Case 3:09-cv-01108   Document 134   Filed 09/21/12   Page 10 of 10 PageID #: 4673